IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLIE MATTHEW DAVIS, JR. | } | |
| TDCJ-CID NO.1213503, | } | |
| | } | |
| v. | } | CIVIL ACTION NO. G-07-495 |
| | } | |
| NATHANIEL QUARTERMAN, | } | |
| DIRECTOR OF TDCJ-CID | } | |

OPINION ON DISMISSAL

Petitioner Charlie Matthew Davis, Jr., a state inmate, seeks habeas corpus relief under 28 U.S.C.§2254. In 2003, Petitioner was convicted of murder in the 56th District Court of Galveston County, Texas, in cause number 02CR2111, upon a verdict of a jury. The jury assessed punishment at fifty years confinement in the Texas Department of Criminal Justice - Correctional Institutions Division. Petitioner's conviction was affirmed on appeal on July 26, 2005. *Davis v. State*, No. 14-04-00007-CR, 2005 WL 1772421 (Tex.App.–Houston [14th Dist.] 2005). His petition for discretionary review was refused by the Texas Court of Criminal Appeals on February 1, 2006. *Davis v. State*, P.D.R. No. 1268-05.

On November 8, 2004, while his direct appeal was still pending, Petitioner, then serving the murder sentence, filed a federal habeas application, challenging an imposition of solitary confinement following a disciplinary infraction. That petition was dismissed with prejudice. *Davis v. Dretke*, Civil Action No. G-04-741 (S.D. Tex. Apr. 29, 2005). Petitioner did not appeal that judgment.

Petitioner, through counsel, filed the instant action on October 2, 2007. (Docket Entry No. 1). In this petition, Petitioner seeks federal habeas relief from the murder conviction itself on grounds that his trial attorney rendered constitutionally ineffective assistance of counsel

by failing to request a jury instruction on defense of property. (*Id.*). Respondent filed a motion to dismiss urging this petition be dismissed for lack of jurisdiction because Petitioner's writ is successive. (Docket Entry No. 5). Petitioner's attorney has filed no response to Respondent's motion, nor has he requested an extension of time to do so. The petition will be dismissed because it is, in the opinion of this Court, successive.

In general, federal habeas corpus petitioners must bring their claims in one action. 28 U.S.C.§2244(b) provides, in relevant part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under§2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless-
>
> (A) the applicant shows that the claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A district court may hear a claim not presented in a prior federal application only if the court of appeals issues an order of authorization. 28 U.S.C.§2244(b)(3). Any claim that was raised in a prior federal habeas application is not subject to adjudication by the district court and must be dismissed. 28 U.S.C.§2244(b)(1).

In the pending habeas action, Petitioner alleges he received ineffective assistance of counsel at trial because his attorney failed to request a jury instruction on defense of property in cause number 02CR2111. Petitioner does not allege that this claim was not presented in his first habeas corpus application due to a new rule of constitutional law, nor was the factual predicate unavailable to applicant. Although Petitioner's claim of ineffective assistance of counsel was not exhausted when he filed his first federal habeas corpus application, the Fifth Circuit has previously determined that this does not alter the conclusion that the pending writ is successive. *See Crone v. Cockrell*, 324 F.3d 833, 837-38 (5th Cir. 2003); *see also*, *In re Jose Antonio Jimenez*, 211 Fed. App'x 297, 298, 2006 WL 3821531 (5th Cir. 2006) (concluding that subsequent federal habeas corpus application was successive notwithstanding that when petitioner filed his first federal habeas corpus application, in which he challenged a disciplinary action, the direct appeal of his conviction was still pending and his claims related to the underlying conviction, while known to petitioner, were not yet exhausted); *Reed v. Quarterman*, No. 07-10045, 2007 WL 2436206 (5th Cir. August 20, 2007), *petition for cert. filed*, --- U.S.L.W.---, (U.S. Sept. 18, 2007) (No.07-7512). Accordingly, Respondent's motion to dismiss (Docket Entry No. 5) is GRANTED and this action (Docket Entry No. 1) is DISMISSED without prejudice and as successive. Petitioner must seek authorization from the court of appeals to proceed in this court on any new claims.

The Court finds that Petitioner has not made a substantial showing that reasonable jurists would find the Court's ruling debatable. *See Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). For this reason, the Court finds that a certificate of appealability should not issue in this case.

SIGNED at Houston, Texas, this 9th day of January, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE